SAMSON CORDAGE WORKS v. PURITAN CORDAGE MILLS.

(District Court, W. D. Kentucky. March 23, 1912.)

1. TRADE-MARKS AND TRADE-NAMES (§ 17*)—MARKS SUBJECTS OF OWNERSHIP —USE OF COLORED MATERIALS IN MANUFACTURE.

The use of a colored strand in the fabrication of cordage, the other strands being of another and uniform color, so as to make spots on the finished cord or rope where such strand comes to the surface, cannot be made the subject of a valid trade-mark; the use of any colored strands being something which is open to the public generally, and which cannot be exclusively appropriated by any one.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 20; Dec. Dig. § 17.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 17*)—MARKS SUBJECT OF OWNERSHIP.

An arbitrary mark not naturally part of a fabric in any wise impressed upon it may be a trade-mark if so intended and used, but a spot made on or color imparted to a fabric as the inevitable or natural result of the use of the material of which the fabric is made cannot be the basis of a trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 20; Dec. Dig. § 17.*]

In Equity. Suit by the Samson Cordage Works against the Puritan Cordage Mills. On final hearing. Decree for defendant.

Coale & Hays and McDermott & Ray, for complainant.

Helm & Helm, for defendant.

EVANS, District Judge. This case is now before us for final determination. The record is precisely the same as it was when, on the 11th day of November last, we disposed of a motion for a temporary injunction. In an opinion then delivered (193 Fed. 274) we quite briefly expressed our views upon the essential question upon which the case must turn. We need not repeat much of what was then said.

[1] This is not a suit for unfair competition in trade to which much of the argument of complainant's counsel might be more applicable, but is one based upon the alleged infringement of a trade-mark. The right to relief, therefore, depends upon the existence of a valid trade-mark. As previously indicated, we think none exists.

In manufacturing cordage the complainant combines as many threads or strands as may be desired. One of these is of a color different from all the others which are of a uniform color. The process of fabrication by twisting and intertwining these strands into cord, and the regular appearance of spots on its surface as the result of the process was described in the former opinion. It will suffice now to say that in this way striking and probably decorative spots are made to appear on the surface of the cord—a red spot, if a red strand is used, and so on through the list of colors. The complainant insists that it may in this way appropriate all the colors for trademark purposes. As has been done time out of mind in making

cordage by others, one thread of a different color from the others is used by the complainant. In the process of fabrication the colored thread, as the strands are twisted, makes spots of its own color on the surface of the cord. All this is part of the cord itself and cannot be regarded as a "mark," arbitrary in character, within the meaning of trade-mark law. It is an inherent and necessary result of the fabrication of a rope out of strands of different colors, and hence cannot be a trade-mark. Many cloth fabrics have more or less distinctively colored figures woven into them. These are not regarded as trade-marks but as decorative devices open to all and free from monopoly.

[2] The line may be a narrow one, but we take it the distinction is this: When an arbitrary mark, not naturally part of the fabric, is in any wise impressed upon it, it may be a trade-mark, if so intended and used, but no spot made on or color imparted to a fabric as the inevitable or natural result of using the material of which the fabric is made can be the basis of a trade-mark, for the reason that the making of the spots thereon or the impartation of the color thereto by the use of appropriate raw material is open to the public generally, and may not be exclusively appropriated by anybody. Any other doctrine would be intolerable.

The complainant seeks support in the fact that it uses the trademark on sash cord, but we think such a limitation, if insisted upon, is immaterial. It may be, too, that, if a trade-mark is not applicable to the genus, it cannot be so as to any species of cordage. However, it is not necessary to rule upon this proposition.

It may be that the defendant has closely and intentionally imitated complainant's fabric, but, however that might affect a suit of different character, it cannot aid in assuring complainant's claim to a valid trade-mark.

It results that the bill of complainant must be dismissed, with costs.